## SLAGLE v STATE

Ohio Appeals, 4th Dist, Gallia Co

Decided October 29, 1931

Mr. R. M. Switzer, Gallipolis, for plaintiff in error.

Messrs. Harry M. Miller, prosecuting attorney, and Henry W. Cherrington, Gallipolis, for defendant in error.

BLOSSER, J.

It is urged that the verdict is against the manifest weight of the evidence. Numerous witnesses testified in the case. We have read all of the testimony, the bill of exceptions containing more than two hundred pages. We are not prepared to say that the verdict should be disturbed on that ground.

There are, however, other errors complained of which can not be ignored. Before the trial a number of persons were sent by the prosecuting attorney to visit the land of Catherine Lewis for the purpose of determining the number and size of the trees that had been recently cut and removed. These persons signed a written statement to the prosecuting attorney giving the number and size of the trees cut and the number of stumps. The statement was signed by eight persons. It was styled:

"The State of Ohio, Gallia County.
The Court of Common Pleas, SS.
State of Ohio.
Complaint of Catherine Lewis vs Roy Slagle, defendant."

The statement ended with:

"We hereby certify this report to be true as we verily believe."

Then followed the signatures of the eight persons. This statement, marked exhibit three, was received in evidence over the objection of the defendant. The evidence shows that this statement was prepared by John M. Shaffer not at the time of the inspection of the premises but on the day before the trial and at Oak Hill, which is several miles from the premises from which the timber was removed. Most of the signers of the statement were witnesses in the case. However, one signer, Peter Bartels, was not called as a witness. His unsworn statement contained in exhibit three was permitted to go to the jury. This was clearly in violation of the Constitution of Ohio which provides that the accused shall have the right to meet his witnesses face to face. Bartel's evidence was before the jury without any opportunity of the accused to cross examine him. Had he been sworn and testified in person and subjected himself to cross examination it is possible the evidence given in the written statement may have been modified or contradicted. The introduction of this unsworn written statement was clearly erroneous and violative of the defendant's constitutional rights. The names of John Lewis and Albert Mossbarger are on exhibit three. One John Lewis and one Albert Mossbarger testified in the case but they did not testify concerning the paper writing exhibit three, and there is nothing in the record to identify these witnesses as the individuals who signed this paper.

The defendant also complains of state's exhibit four, which was a memorandum prepared by John Shelton at the time of his viewing the premises of Mrs. Lewis at the instance of the prosecuting attorney. Some courts hold that the use of a memorandum is largely in the discretion of the trial court. This unsworn memorandum should not have been received in evidence but it could have been used by the witness for the purpose of refreshing his recollection. This is the rule recognized by our Supreme Court in the case of **Lovell v Wentworth, 39 Oh St 616.**

It is difficult to conceive under what theory state's exhibit three was permitted to be introduced in evidence. It is urged by the state that there is other evidence in the record sufficient to establish the guilt of the defendant. This may be true, and there is a possibility of the defendant's guilt, but he was entitled to a fair trial where all of his constitutional rights were preserved. This he did not have.

For the errors pointed out the judgment must be reversed and the case remanded to the Court of Common Pleas.

MAUCK, PJ and MIDDLETON, J, concur.